IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KEITH RICHARD HILL,

      Plaintiff,

v.                                                       CIVIL ACTION NO.: 5:23CV190
                                                       (BAILEY)

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

      Defendant.

FILED
OCT 4 2023
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

## REPORT AND RECOMMENDATION

### I. Introduction

This action arises out of Plaintiff's application for Disability Insurance Benefits. After considering the parties' briefs, the administrative record, the applicable law, and the Court file, the undersigned is satisfied that oral argument would not substantially aid this report and recommendation. Accordingly, the undersigned would conclude that Plaintiff's Motion for Summary Judgment should be granted in part and denied part, and that this matter should be remanded for further proceedings.

### II. Factual/Procedural History

Plaintiff filed an application for Disability Insurance Benefits on August 24, 2021, alleging disability beginning February 1, 2015, due to post-traumatic stress disorder, traumatic brain injury, depression, anxiety, nerve damage, neuropathy, and pain in the hip, ankle, knee, shoulder, and back. R. 18, 160-61, 168. Plaintiff's claim was denied initially and upon reconsideration. R.57, 68. An administrative hearing was held on December 6, 2022. R. 18-30; 35-56. Plaintiff was represented at the hearing by David Gerson, an attorney. Irene Montgomery, an impartial vocational expert, also appeared at the hearing. *Id.*

On January 18, 2023, the ALJ issued an unfavorable decision. R. 18-30. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1-4. Plaintiff then filed the instant action. ECF No. 1.

### III.  ALJ Decision

#### A. The Five-Step Evaluation Process

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work....'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Social Security Administration uses the following five-step sequential evaluation process to determine if a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairments(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.
>
> [Before the fourth step, the residual functioning capacity of the claimant is evaluated based "on all the relevant medical and other evidence in your case record . . ." 20 C.F.R. §§ 404.1520; 416.920.]
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520; 416.920. In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. *Richardson v. Califano*, 574 F.2d 802, 804 (4th Cir. 1978). The burden of proof shifts to the Commissioner at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be "disabled" or "not disabled" at one of the five steps, the process does not proceed to the next step. *Id.*

### B. ALJ Findings

The ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on September 30, 2021. R. 20. The ALJ further found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of February 1, 2015, through his date of last insured of September 30, 2021. *Id.* Through the date last insured, the ALJ found that Plaintiff had the following severe impairments: chronic post-traumatic stress disorder, mild neurocognitive disorder due to traumatic brain injury, history of traumatic brain injury, and status post left shoulder wound. R. 21. The ALJ further found that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, (20 CFR 404.1520(d), 404.1525 and 404.1526). *Id.*

The ALJ found the following residual functional capacity (RFC) for Plaintiff:

to perform light work as defined in 20 CFR 404.1567(b) except frequent balancing, crouching, stooping, kneeling, and climbing of ramps and stairs; never climbing

> ladders, ropes, and scaffolds; never crawling; no overhead reaching with the upper extremity; frequent reaching with the left upper extremity otherwise. He should avoid extreme cold, vibrations, and hazards such as unprotected heights, uneven surfaces, or heavy machinery with unshielded moving mechanical parts. He can understand, remember, and carry out simple instructions; can use [judgment] to make simple work-related decisions, and can occasionally deal with changes in a routine work setting. He can have no contact with the public and no more than occasional interaction with co-workers and supervisors (once the job is learned and duties are assigned). He needs a sit/stand option which would allow him to briefly for up to two minutes alternate between the sitting and standing positions at 30-minute intervals throughout the workday without breaking the task at hand.

R. 23-24. The ALJ found Plaintiff to be a younger individual age 18-49 on the date last insured, inasmuch as his birth date is March 4, 1991. R. 29. The ALJ found that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. R. 29. Accordingly, the ALJ determined that Plaintiff was not disabled from February 1, 2015, through September 30, 2021, the date last insured. R. 30.

## IV. Motion for Summary Judgment

Plaintiff filed a Motion for Summary Judgment and a brief in support thereof on August 8, 2023. ECF Nos. 7 and 8. Defendant filed a response brief on September 7, 2023. ECF No. 9. Plaintiff filed a Reply brief on September 21, 2023. ECF No. 10.

### A. Arguments of the Parties

#### 1. Plaintiff's Arguments

Plaintiff argues that the ALJ's RFC finding is not supported by substantial evidence because it is based on an unresolved conflict between the vocational expert's testimony and the DOT, and because the ALJ did not accept a work-preclusive limitation offered by a medical source whose opinion the ALJ found to be persuasive. Plaintiff also argues that the ALJ failed to rule on Plaintiff's objections to the vocational expert's testimony.

### 2.   Defendant's Arguments

Defendant contends that the ALJ's finding of no disability is supported by substantial evidence and that any conflict between the vocational expert's testimony and the DOT is of no moment because the vocational expert identified the occupation of final assembler during the administrative hearing, which has a reasoning level of one. Defendant further argues that Plaintiff's HALLEX argument fails as a matter of law because the regulations apply to objections raised during the administrative hearing and not to a post-hearing brief (as was filed here), and the regulations apply to a vocational expert's qualifications, not the substance of her testimony.

### B.   The Standards

### 1.   Summary Judgment

"Summary Judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Lawson v. Union County Clerk of Court*, 828 F.3d 239, 247 (4th Cir. 2016) (quoting Fed. R. Civ. P. 56(a)).

### 2.   Judicial Review

The Court's review of the ALJ's decision is limited to determining whether the ALJ applied correct legal standards and whether the ALJ's factual findings are supported by substantial evidence. *Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023).

"Substantial evidence" is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is not a "large or considerable amount of evidence, but rather, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 564-65 (1988) (internal citations and quotations omitted). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence'."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by *The Black and Decker Disability Plan v. Nord*, 538 U.S. 822 (2003).

**C.   Discussion**

Initially, the Court notes Plaintiff's argument that review of the ALJ's decision must be confined to the grounds delineated within the ALJ's order. Plaintiff relies upon *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943) to make this argument. After reviewing the applicable caselaw, the undersigned would agree with Plaintiff. In particular, the undersigned notes *Hanson v. Colvin*, 760 F.3d 759, 762 (7th Cir. 2014) which found that "*Chenery* requires that an agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." Importantly, *Hanson* was an appeal from a denial of an application for social security benefits. The Fourth Circuit has also applied *Chenery* to cases involving social security benefits. *See Patterson v. Bowen*, 839 F.2d 221, 225, n. 1 (4th Cir. 1988) (applying *Chenery* to a social security matter and acknowledging that "[the Court] must...affirm the ALJ's decision only upon the reasons he gave"). The undersigned has thus confined the review of whether substantial evidence supports the ALJ's finding of "no disability" to the grounds offered by the ALJ in his opinion.

The ALJ offered a myriad of grounds in his opinion to support his finding that Plaintiff is not disabled. Plaintiff takes issue with only a limited number of findings, specifically: (1) the finding that Plaintiff can understand "simple instructions," (R. 24) and (2) the finding that Plaintiff can perform the jobs[1] of mail clerk (DOT # 209.687.026); collator (DOT# 653.687-010); and inspector (DOT# 559.687-074) (R. 29). The position of mail clerk has a reasoning level of 3; the position of collator has a reasoning level of 2; and the position of inspector has a reasoning level

---

[1] There is no dispute that these jobs appear in significant numbers in the economy.

6

of 2. Inasmuch as the parties do not focus on the reasoning level 3 job, but rather, maintain focus on the jobs considered reasoning level 2, the undersigned will not address the reasoning level 3 job identified by the ALJ in his decision.

The ALJ's finding that Plaintiff can perform reasoning level 2 jobs is based, in part, upon the testimony offered by the vocational expert during the administrative hearing. During the hearing, the ALJ presented two hypotheticals to the vocational expert, both of which included a limitation to understanding "simple instructions." R. 51-53. The vocational expert offered testimony in response to these hypotheticals. Thus, the vocational expert's opinions were based upon the RFC limitation to understanding "simple instructions."

Plaintiff argues that there was a conflict between the vocational expert's aforementioned testimony and the DOT, and that the ALJ erred in failing to resolve this conflict. Specifically, Plaintiff maintains that the vocational expert testified that Plaintiff is limited to jobs involving "simple non-detailed instructions," which would have limited Plaintiff to reasoning level 1 jobs, but then testified that Plaintiff can perform jobs with a reasoning level 2 designation. The undersigned disagrees. The vocational expert did not testify that Plaintiff was limited to jobs with "simple, non-detailed instructions." The phrase "simple, non-detailed instructions" is Plaintiff's counsel's choice of words. *See* R. 54. It is not clear from the vocational expert's testimony that he adopted this phrase as his own. Rather, it appears as though the vocational expert misunderstood Plaintiff's counsel's use of this phrase during questioning:

> Q: Ms. Montgomery, the jobs you gave in response to the first and second hypothetical, are these jobs that involve simple non-detailed instructions?
>
> A: Yes, they're all unskilled.

R. 54. Though the vocational expert's answer is not entirely responsive to Plaintiff's counsel's question, the vocational expert's answer was not explored any further. *See* R. 54. In this instance, therefore, it seems prudent to focus on the hypotheticals posed by the ALJ at R. 51-53, the first of which mirrors the RFC in the ALJ's opinion, and to focus on the vocational expert's testimony in response to said hypotheticals.

In response to the ALJ's hypotheticals, the vocational expert testified that, with a limitation to understanding "simple instructions," Plaintiff could perform jobs considered reasoning level 2. A limitation to understanding "simple instructions" does not conflict with reasoning level 2 jobs. *See Belanger v. Commissioner of Social Security*, 620 F.Supp.3d 416, 423 (W.D.N.C. Aug. 8, 2022) (finding no conflict between reasoning level 2 jobs and an RFC limitation to "simple instructions") (citing *Lawrence v. Saul*, 941 F.3d 140, 143-44 (4th Cir. 2019)). Thus, the undersigned does not believe that there was an apparent conflict between the vocational expert's testimony and the DOT.

Notwithstanding, the undersigned is troubled by the ALJ's failure to include the further limitation to "simple one to two step" instructions within the hypotheticals, and within the RFC itself. The ALJ acknowledged this limitation within the body of his opinion and made a finding that the two experts who offered this limitation were persuasive. And yet, the ALJ did not include this additional limitation within the hypotheticals offered during the hearing or within the RFC. This additional limitation to "simple one to two step instructions" is consequential and cannot be dismissed as a matter of semantics because a limitation to "simple one to two step instructions" conflicts with reasoning level 2 jobs. *See Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019) (finding a limitation to "short, simple instructions" precludes ability to carry out detailed but uninvolved instructions found in reasoning level 2 jobs). Moreover, evidence in the record

8

supports the more restrictive limitation to understanding "simple one to two step instructions." R. 28, 65 and 70.

At R. 28, or p. 11 of the ALJ's opinion, the ALJ acknowledged the opinions of state agency medical consultants, David Allen, Ph.D., and Jeff Boggess Ph.D., both of whom the ALJ found "persuasive." *Id.* Within his summary of the opinions from these experts, the ALJ acknowledged that both experts opined that Plaintiff "was capable of learning simple one to two step instructions." Further investigation of the record confirms that both experts held this opinion. *See* R. 65 and 70. There is no other evidence cited by the ALJ to support a less restrictive limitation of understanding only "simple instructions."

An ALJ's RFC finding must be "accompanied by a narrative discussion describing the evidence supporting each conclusion." *Donell F. v. Kijakazi*, 2023 WL 203351, at * 3 (D. Md. Jan. 17, 2023) (cleaned up) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). In the narrative discussion, the ALJ must "build an accurate and logical bridge from the evidence to his conclusion." *Donell F.*, 2023 WL 203351, at * 3 (quoting *Petry v. Comm'r, Soc. Sec. Admin.*, 2017 WL 680379, at * 2 (D. Md. Feb. 21, 2017)). Here, the ALJ failed to explain why he assigned a limitation to Plaintiff to understanding "simple instructions" when the medical experts, both of whom the ALJ found to be persuasive, found the more restrictive limitation of understanding "simple one to two step instructions" to be appropriate. Given the clear difference between the two limitations, and given their import for this case, the undersigned believes that the ALJ's failure to explain this deviation precludes meaningful review of the ALJ's opinion. This matter must therefore be remanded for further proceedings. *See Monroe v. Colvin*, 826 F.3d 176 (4th Cir. 2016).

The Defendant argues that substantial evidence supports the ALJ's finding of 'no disability' because, during the administrative hearing, the vocational expert identified a reasoning

level 1 job which the vocational expert testified Plaintiff could perform. Essentially, Defendant contends there is 'no harm and no foul' in terms of the ALJ's findings concerning reasoning level 2 jobs because of the reasoning level 1 job mentioned during the administrative hearing. This argument is not persuasive.

First, such a finding runs contrary to *Chenery* because the ALJ did not adopt the reasoning level 1 job as part of his opinion. Additionally, when the vocational expert testified that Plaintiff could perform a reasoning level 1 job, the vocational expert had been presented with a hypothetical that contained further RFC limitations than those recognized within the ALJ's opinion. That is, when the vocational expert testified that Plaintiff would be capable of performing a reasoning level 1 job, the vocational expert was responding to a hypothetical in which the ALJ limited Plaintiff to performing sedentary jobs. R. 52-53. The RFC in the ALJ's opinion (which mirrors the one posed to the vocational expert during the administrative hearing, and in response to which the vocational expert identified reasoning level 2 and reasoning level 3 jobs) only limited Plaintiff to light work. Thus, accepting the vocational expert's testimony that Plaintiff is limited to reasoning level 1 jobs would also necessarily change the hypothetical and the resultant RFC. This Court is without the authority to enact such a change. *See Rogers v. Kijakazi*, 62 F.4th 872, 875 (4th Cir. 2023) (review of the Commissioner's decision is limited to determining whether an "ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence").

Finally, the undersigned is not persuaded by Plaintiff's HALLEX argument because the two sections cited by Plaintiff do not apply to the instant matter. Plaintiff relies upon HALLEX I-2-5-58 and HALLEX I-2-6-74. HALLEX I-2-5-58 provides in relevant part as follows:

B. Respond to Objection or Other Request

An ALJ must rule on any objection or request by the claimant regarding the VE's response to the interrogatories. The ALJ may rule on an objection on the record

during the hearing or in a writing that the ALJ exhibits and associates with the record. Even if the claimant or any appointed representative previously had the opportunity to do so, an ALJ must allow a claimant to propose additional interrogatories to the VE or request a supplemental hearing to question the VE.

There is no evidence or indication that the vocational expert answered interrogatories in the instant matter. Plaintiff's own arguments regarding this issue do not identify interrogatory answers, but rather, state explicitly that Plaintiff's objections related to the vocational expert's testimony during the administrative hearing. ECF No. 8 at p. 8-9. Thus, HALLEX I-2-5-58 is inapplicable.

HALLEX I-2-6-74 provides in relevant part as follows:

> All VE testimony must be on the record. After administering the oath or affirmation, the ALJ must (on the record): Ask the VE to confirm his or her impartiality, expertise, and professional qualifications; Verify the VE has examined all vocational evidence of record; Ask the claimant and the representative whether they have any objection(s) to the VE testifying; and Rule on any objection(s). The ALJ may address the objection(s) on the record during the hearing, in narrative form as a separate exhibit, or in the body of his or her decision.

HALLEX I-2-6-74 applies to objections to the vocational expert's qualifications. This section further seems to indicate that any such objections must be made on the record during the administrative hearing. Inasmuch as Plaintiff's objections related to the substance of the vocational expert's testimony rather than the vocational expert's qualifications, and inasmuch as these objections were made after the hearing rather than at the hearing on the record, the undersigned would conclude that this section is inapplicable to the objections at issue.

**V.     Recommendation**

Accordingly, and for all of the foregoing reasons, the undersigned would **RECOMMEND** that Plaintiff's Motion [7] for Summary Judgment be **GRANTED IN PART and DENIED IN**

11

**PART.**[2] The undersigned would further **RECOMMEND** that this matter be **REMANDED** for additional findings as described more fully hereinabove.

**Any party who appears** *pro* **se and any counsel of record, as applicable, may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**

A copy of such objections should be submitted to the District Judge o07f Record. <u>**Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.**</u> *See* 28 U.S.C. § 636(b)(1); *Wright v. Collins*, 766 F.2d 841, 845-48 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985).

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further **DIRECTS** the Clerk to mail a copy of this Report and Recommendation to any pro se party by certified mail, return receipt requested, to their last known address as reflected on the docket sheet.

Respectfully submitted this 4th day of October 2023.

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant filed a Response Brief. Thus, there is no pending Motion filed by the Defendant.